IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-844-FL

| | |
|---|---|
| **United States of America**, | |
| Plaintiff, | |
| v. | **ORDER** |
| **Eddie Wise and Dorothy Monroe-Wise**, | |
| Defendants. | |

On April 15, 2015, the court conducted a hearing to discuss Defendants Eddie Wise and Dorothy Monroe-Wise's Motion to Stay (D.E. 19) and Motion for Extension of Time to File Response (D.E. 25). The Wises' Motion to Stay asked the court to stay further proceedings and permit discovery under Rule 56(d) of the Federal Rules of Civil Procedure. The Motion for Extension of Time sought additional time to respond without asserting good cause. The Wises, however, did not appear at the hearing to address their motions.[1]

Before ruling on these motions, a short synopsis will be useful. This case has two branches – one emerging from the Government's original Complaint (D.E. 1), and the other from the Wises' Counterclaim (D.E. 4). The Government's Complaint sought to foreclose upon certain of the Wises' real and personal property under deeds of trust and other security agreements held by the Government. It alleged that the Wises are in default on seven loans administered by the Farm Service Agency of the United States Department of Agriculture. Specifically, it asserted that the Wises owe well over $500,000 on defaulted farm loans for which

---

[1] On April 7, 2015, the Clerk's Office sent a letter to the Wises' regarding the April 15, 2015 hearing. The letter was sent to the address the Wises provided to the court. A review of the docket immediately prior to the hearing did not indicate that the letter had been returned to the Clerk's Office as undeliverable.

they have only repaid approximately $9,000 over the last 15 years. (D.E. 14; Mem. in Opp. at 3).

The Wises, who are *pro se* in this matter, did not file an answer to the Government's Complaint. Instead, they filed a Counterclaim against the United States and individual government officials alleging various forms of discrimination. (D.E. 4). They also sought to stay further proceedings (D.E. 7) – a request the court rejected as without basis in fact or law. (District Judge Flanagan, Text Order, 01/16/2015).

On January 29, 2015, the Government sought to dismiss or, in the alternative, to receive summary judgment on the Wises' Counterclaim. (D.E. 13). That same day, the Wises were sent a Roseboro Letter informing them that they must file a response to the Government's Motion to Dismiss/Motion for Summary Judgment on their Counterclaim on or before February 23, 2015. (D.E. 15). The Wises failed to respond. Instead, they filed the Motion to Stay (D.E. 19) seeking discovery under Rule 56(d) currently before the court. In their effort to satisfy Rule 56(d)'s requirement of an affidavit stating specific facts the nonmovant requires to answer a motion for summary judgment, the Wises submitted a declaration asserting various Department of Agriculture regulations they believe were violated in the administration of their loans. (D.E. 18).

Meanwhile, on March 10, 2015, the Government filed a Motion for Summary Judgment on its original action seeking foreclosure. (D.E. 21). The Wises were sent another Roseboro Letter informing them that they must file a response to the Government's motion by April 7, 2015. On April 3, 2015, the Wises filed a Motion for Extension of Time seeking an additional 20 days to respond to the Government's Motion for Summary Judgment on the foreclosure matter. (D.E. 25).

As of the date of this order, the Wises have failed to provide any substantive responses to the Government's Complaint or subsequent motions. The Wises' only submissions to the court have sought to delay proceedings.[2] They have neither observed court ordered deadlines nor appeared at a hearing to discuss their own motions. While the court is mindful that the Wises are *pro se* and deserve a certain measure of procedural leniency, the court is also moved by its duty to ensure the fair and efficient administration of justice. The court cannot countenance mere dilatory tactics. Accordingly, the court hereby orders the following:

1. The Wises' Motion to Stay (D.E. 19) is DENIED. By failing to appear as directed at the April 15, 2015 hearing, the Wises implicitly conceded the Government's arguments in its Response in Opposition (D.E. 20). Furthermore, the Wises' Motion and the accompanying Affidavit in Opposition (D.E. 18) do not "specifically identify what evidence discovery will turn up and how the evidence will allow the party to oppose summary judgment" as required by Rule 56(d). *Shanklin v. Seals*, 2010 WL 2942649 at *5 (E.D.Va. July 27, 2010); *see also Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995). The Wises' Affidavit cobbles together various administrative regulations that they suggest were violated in their case. The connection between these regulations and the task of responding to the Government's motion, however, is inscrutable.

2. The Wises' Motion for Extension of Time to File Response (D.E. 25) is DENIED. The dates specified below shall govern the remaining response deadlines for the Government's dispositive motions.

---

[2] The court also notes the Government's contention that the Wises have engaged in similar dilatory actions in other cases before this court and had their efforts denied or dismissed. *See* (D.E. 20; Gov. Resp. at 1 n. 1).

3. The Wises shall file a substantive response to the Government's Motion to Dismiss, or in the alternative, for Summary Judgment (D.E. 13) on their Counterclaim on or before May 6, 2015.

4. The Wises shall file a substantive response to the Government's Motion for Summary Judgment (D.E. 21) on or before May 20, 2015.

Dated: April 17, 2015.

_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE