IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-844-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and CHARLES M. HUSKEY, *in His Official Capacity as Trustee on Deeds of Trust*, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| DOROTHY M. WISE and EDDIE F. WISE, | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on defendants' (the "Wises") motion to stay enforcement of the court's judgment pending appeal. (DE 77). The issues raised have been briefed fully and are ripe for ruling. For the reasons stated below, the Wises's motion is DENIED.

**BACKGROUND**

On November 19, 2014, the government brought this suit against the Wises to foreclose on certain deeds of trusts and security interests held by the government in certain of the Wises's real and personal property. The government had obtained the deeds of trust and security interests in exchange for various farm loans made to the Wises through the Farmers' Home Administration, and later the Farm Services Agency, totaling in excess of $500,000.00. The Wises have not made any payment on their indebtedness since, at the latest, November 2010.

On December 2, 2014, the Wises asserted various counterclaims against the United States Department of Agriculture ("USDA") and certain USDA employees (the "USDA employees"). The

Wises's counterclaims named the USDA employees in both their official and individual capacities. On January 29, 2015, the government moved to dismiss the Wises's counterclaims under the doctrine of res judicata. The government argued that the Wises's counterclaims already had been adjudicated in a separate suit filed in this district, Wise v. USDA, No. 4:13-CV-234-BO (E.D.N.C. 2013) (the "2013 suit"). As is relevant here, the Wises named as defendants in the 2013 suit the USDA, as well as the USDA employees in their individual capacities.[1]

On March 10, 2015, the government filed a motion for summary judgment. On September 14, 2015, the court held a hearing, where the court orally granted the government's motion to dismiss the Wises's counterclaims, relying on the doctrine of res judicata. By written order, entered October 9, 2015, the court granted the government's motion for summary judgment. See United States v. Wise, No. 5:14-CV-844-FL, 2015 WL 5918027 (E.D.N.C. Oct. 9, 2015). However, the court withheld judgment until such time as the government amended its complaint to add as plaintiff Charles M. Huskey, the trustee on the various deeds of trust at issue in the matter.

On October 14, 2015, the Wises filed a motion to reconsider the court's order on the government's motion for summary judgment. The Wises's motion to reconsider prompted the court to stay entry of judgment, until that motion's resolution. (See Text Order, Dated Oct. 21, 2015). On October 19, 2015, the government filed its amended complaint, naming Huskey as plaintiff.[2] Later, on November 18, 2015, the court denied the Wises's motion for reconsideration. See generally

---

[1] The Wises sued more USDA employees in the 2013 suit than in the instant matter. However, all the USDA employees named in this suit previously were sued as part of the 2013 suit.

[2] Both plaintiffs collectively are referred to herein in the singular, as "the government."
2

United States v. Wise, No. 5:14-CV-844-FL, 2015 WL 7302245 (E.D.N.C. Nov. 18, 2015). Judgment entered the same day.

On November 23, 2015, the Wises appealed. See United States v. Wise, No. 15-2477 (4th Cir. 2015). Meanwhile, they also filed the instant motion to stay proceedings pending resolution of that appeal.

**COURT'S DISCUSSION**

The Wises ask the court to stay enforcement of its judgment pending resolution of their appeal. However, the Wises have not posted a supersedeas bond. Nor have they offered alternative collateral. Thus, to the extent their motion sounds under Federal Rule of Civil Procedure 62(d), it is denied.

Notwithstanding the Wises's failure to post a bond, the court may exercise its discretion and stay enforcement of its judgment. To guide its discretion, the court must analyze four factors:

1) whether the applicant has made a "strong showing" that he is likely to succeed on the merits of an appeal;

2) whether the applicant will suffer irreparable injury absent a stay;

3) whether plaintiffs will be injured by the issuance of a stay, and

4) whether the public interest favors a stay.

See Wolfe v. Clarke, 819 F. Supp. 2d 574, 582–86 (E.D. Va. 2011) (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)), aff'd 691 F.3d 410 (4th Cir. 2012). The Wises, as stay applicants, bear the burden of proving each of these factors. Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970).

The Wises do not address directly each of the four so-called Hilton factors. Instead, they focus their efforts on the first factor, a likelihood of success on the merits of their appeal. However, the Wises's arguments on that factor fall short. Indeed, under the circumstances of this case, the

3

court is compelled to find that the Wises have not met their burden with respect to all, or even a majority, of the relevant factors.

A.      Likelihood of Success on the Merits

The Wises have not demonstrated any likelihood of success on the merits of their appeal. They first argue that their pending administrative claim is evidence they will succeed on the merits of their appeal. In particular, the Wises argue that their pending administrative claim divests the government of its right to foreclose on the deeds of trusts or security interests, where certain similar administrative claims preclude foreclosure under the terms of the Pigford v. Glickman consent decree, see generally 182 F.R.D. 341 (D.D.C. 1998), or USDA regulations, see generally 7 C.F.R. § 766.358. However, as the court carefully explained in its order denying the Wises's motion for reconsideration, this foreclosure suit is neither subject to the Pigford consent decree nor does it fall within the scope of the USDA regulations. Wise, 2015 WL 7302245, at *9. Accordingly, the Wises's motion to stay is not supportable on that basis.

In any event, the Wises also argue that they likely will succeed on appeal where the court erred in dismissing their counterclaims against the government on the basis of res judicata. In particular, the Wises suggest that their counterclaims against the USDA employees should not have been dismissed, to the extent they sued those USDA employees in their official capacities. The Wises correctly note that they previously had not sued those various USDA employees in their official capacities.

To establish the defense of res judicata, the government must prove:

1)      the existence of a final judgment on the merits in an earlier litigation, rendered by a court of competent jurisdiction and in accord with the requirements of due process;

4

2) identity of parties in the earlier litigation and instant action, or privity between the parties; and

3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding.

Covert v. LVNV Funding, LLC, 779 F.3d 242, 246 (4th Cir. 2015).  As their argument relates to the second element, privity, the Wises correctly note that a defendant sued in her official capacity cannot establish privity on the basis of an earlier suit against her in her individual capacity.  Andrews v. Daw, 201 F.3d 521, 525–26 (4th Cir. 2000).  Nevertheless, the Wises's argument still misses the mark, because it overlooks the long-standing rule that a final judgment in a suit against the sovereign bars further litigation against an agent or employee of the sovereign in her official capacity.  See Thurston v. United States, 810 F.2d 438, 444 (4th Cir. 1987) ("A suit against a federal official for acts performed within his official capacity amounts to an action against the sovereign.").  Thus, because the Wises earlier levied an unsuccessful suit against the USDA, they cannot now assert any claim against the USDA employees previously named in this suit in their official capacities, where the two suits arise out of the same factual basis.

Finally, the Wises suggest that they likely will succeed on the merits of their appeal, where the court lacked jurisdiction over their Equal Credit Opportunity Act ("ECOA") claim, 15 U.S.C. § 1691 et seq., to the extent said claim sounded against the United States.  The Wises contend that, in that case, their ECOA claim properly could be brought only before the United States Court of Federal Claims under the Tucker Act, 28 U.S.C. § 1491.  The Tucker Act provides in pertinent part:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

5

28 U.S.C. § 1491(a)(1). The Tucker Act vests exclusive jurisdiction over certain cases in the Court of Federal Claims. Portsmouth Redevelopment & Hous. Auth. v. Pierce, 706 F.2d 471, 473 (4th Cir. 1983). Thus, the Wises argue that because their counterclaim sounded under the ECOA it was "founded . . . [upon] an[] Act of Congress" and must be heard in the Court of Federal Claims.

However, notwithstanding the seemingly broad language of the Tucker Act, that statute does not grant the Court of Federal Claims exclusive jurisdiction in every statutory claim brought against the United States. In particular, where a statute explicitly authorizes claims to be brought in the "district court," the Court of Federal Claims lacks exclusive jurisdiction over those claims, even though they are against the United States. See, e.g., Davis v. United States, 123 Fed. Cl. 235, 241 (Fed. Cl. 2015) (noting court lacked jurisdiction under the ECOA); Doe v. United States, 74 Fed. Cl. 794, 798 (Fed. Cl. 2006) (noting court lacked jurisdiction under 42 U.S.C. § 1983, which vests jurisdiction in "[t]he district couts"); see also Stovall v. Sec'y, U.S. Dep't of Agric., 521 F. App'x 849, 851–52 (11th Cir. 2013). The ECOA fits squarely into that category; the provision of the statute authorizing private rights of action explicitly states "[a]ny action under this section may be brought in the appropriate United States district court." 15 U.S.C. § 1691e(f); see also Stovall, 521 F. App'x at 851–52; Davis, 123 Fed. Cl. at 241.[3] Thus, to the extent the Wises's counterclaims implicated the ECOA, this court had jurisdiction to adjudicate those claims. Moreover, certain portions of the Wises's counterclaims fell squarely outside the ambit of the Tucker Act, where they

---

[3] By contrast, the Court of Federal Claims does have exclusive jurisdiction over claims related to the government's failure to abide by the terms of various settlement agreements, including settlement agreements that resolve claims brought under the ECOA. See Kasarsky v. Merit Sys. Prot. Bd., 296 F.3d 1331, 1336 (Fed. Cir. 2006) ("Disputes involving settlement agreements are governed by contract principles."); see also Hall v. United States, 69 Fed. Cl. 51, 55–56 (Fed. Cl. 2005) (retaining jurisdiction over ECOA claim inasmuch as it alleged a breach of an ECOA settlement agreement).

addressed torts committed by the USDA, and its agents or employees. See 28 U.S.C. § 1491(a)(1) (excepting tort claims).

In sum, the Wises's motion to stay enforcement of the court's judgment properly is denied because they cannot make any showing of a likelihood of success on the merits of their claim, much less the required "strong showing." The court properly allowed the government's foreclosure, where this case is not subject to the moratorium imposed by the Pigford consent decree or the USDA's regulations. In addition, the court properly granted the government's motion to dismiss the Wises's counterclaims. The court had jurisdiction over the Wises's claims and the USDA employees sued in their official capacity were in privity with the USDA, a defendant in the 2013 suit.

B.  Remaining Considerations

The Wises failed to address the remaining considerations. However, the court has considered each on its own and finds that no remaining factors weigh in favor of a stay. For example, it is a close question whether the Wises will suffer irreparable injury. If the government sells the Wises's real and personal property, and the court's order is reversed on appeal, the value of the Wises's personal property can be repaid. See Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp., 17 F.3d 691, 694 (4th Cir. 1994) ("Where the harm suffered by the moving party may be compensated by an award of money damages at judgment, courts generally have refused to find that harm irreparable."). However, "[real] [p]roperty is always unique under the general principles of the law of equity and [the] possible loss or destruction [of real property] usually constitutes irreparable harm." Bennett v. Dunn, 504 F. Supp. 981, 986 (D. Nev. 1980). The dispositive consideration, then, is the Wises's failure to carry their burden of proof on this issue. In particular, the Wises have failed to submit any evidence to the court that they are unable, as opposed to merely

7

unwilling, to pay the sum owed to the government, thereby precluding any irreparable injury. Accordingly, the irreparable injury factor weighs against granting a stay.

On the third consideration, potential injury to the government should the stay issue, the court finds that this factor weighs slightly in favor of denying the Wises's motion. The court's judgment (DE 75), and order directing entry of that judgment, see 2015 WL 5918027, authorizes the government to take possession of the Wises's personal property and eject them from the real property at issue. Thus, the government is in no danger of the Wises destroying or absconding with the property. However, the continued delay of a final disposition of that property requires the government to bear the burden of the Wises's unsatisfied debt. Additional interest accrues each day, and, if the government is allowed to execute on that judgment, it potentially could recoup its loss and put the money received to beneficial use. Given the Wises's historically low payments, the amount of time that has passed since their last payment, and the continued accrual of interest, the court finds that this factor weighs slightly in favor of denying the motion.

Finally, the court must balance the equities. As discussed above, on the one hand, the government's interest in an executable judgment weighs in favor of denying the motion. On the other hand is the Wises's unproven claim that they will suffer irreparable harm. Despite the fact that the issuance of a stay would cause the government relatively little harm, the court finds that the government's interest in an immediately executable judgment outweighs the Wise's interest in a stay, where the Wises have not substantiated their claim that they necessarily will suffer irreparable harm if no stay issues.

Weighing all of these factors together, where the Wises cannot demonstrate a substantial likelihood of success on the merits, and where the government's interest in an immediately

8

executable judgment outweighs the Wises's unsubstantiated fear of irreparable harm, the court concludes that the Wises's motion should be denied.

**CONCLUSION**

Based on the foregoing, the Wises's motion to stay enforcement of the judgment (DE 77) is DENIED.

This 25 February 2016.

_____
W. Earl Britt
Senior U.S. District Judge